# Mulvaney, Appellant, *v.* Pittsburgh Railways Company.

*Negligence—Street railways—Crossings—Evidence—Presumption.*

In an action to recover damages for the death of plaintiff's son a nonsuit is properly entered where it appears that the deceased, a man thirty-six years of age, was struck by one of the defendant's cars at midnight, at or near a street crossing; that the car was brilliantly lighted so that it could be seen 250 or 300 feet away, and there is no evidence of undue speed, or of a failure to give notice of the car's approach, although there is a doubt as to whether the front headlight was burning.

Argued Oct. 25, 1905.     Appeal, No. 64, Oct. T., 1905, by

plaintiff, from order of C. P. No. 2, Allegheny Co., July T., 1902, No. 863, refusing to take off nonsuit in case of John Mulvaney v. Pittsburg Railways Company. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's son. Before RODGERS, J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was the order of the court refusing to take off nonsuit.

*Rody P. Marshall*, with him *James B. Drew*, for appellant.

*James C. Gray*, with him *Clarence Burleigh* and *Wm. A. Challener*, for appellee.

PER CURIAM, January 2, 1906:

The plaintiff's son, thirty-six years of age, was struck by one of the defendant's cars at midnight, at or near a street crossing. The car was well lighted, and there was no evidence of undue speed or of a failure to give notice of its approach. The only support the plaintiff's case had was the presumption that the deceased had exercised reasonable care, and the assumption that the headlight was not burning. The only effect of the presumption was to establish, prima facie, the absence of contributory negligence, and there was no satisfactory evidence that the headlight at the front of the car was not burning. No witness who saw the accident was called. It was shown that the lights at the front and at the back of the car would not both burn at the same time, and a witness who saw the car at a distance of 250 feet, after the accident, thought, but was not willing to testify, that the light at the back of the car was then burning. Proof that the rear light was burning after the accident, when the car had stopped and the body of the deceased was being removed from the street back of it, was not ground for the inference that the front light was unlit when the car was in motion, nor would the fact, if established by proof, have

warranted a recovery, because the car was brilliantly lighted and was seen by a number of witnesses when 250 or 300 feet from it. The plaintiff having failed to establish any ground of recovery the nonsuit was properly entered.

The judgment is affirmed.